IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SIGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3-09-cv-615-MEF |
| | ) | |
| RBC BANK (USA), *et al.*, | ) | (WO- Do Not Publish) |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on two motions by which two of the three remaining named defendants to this action seek dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of certain of Plaintiff's claims in the Third Amended Complaint. For the reasons set forth below, the Court finds that the motions are due to be GRANTED, and the claims DISMISSED.

### **FACTUAL[1] AND PROCEDURAL BACKGROUND**

In early December of 2008, Cynthia Brown ("Brown") met with Robert L. Davis ("Davis"), the President of the Tuskegee location of RBC Bank (USA) ("RBC Bank"). Brown sought a consumer loan. Brown executed a Promissory Note and Security Agreement in favor of RBC Bank to obtain $32,000 at an annual interest rate of 10.368%. The loan was secured by a "travel trailer." Rather than signing her own name on the loan documents, Brown signed the name of Plaintiff Charles Sigler ("Sigler"). Brown did not have Sigler's

---

[1] For purposes of resolving this motion, the Court accepts the facts as alleged in the Third Amended Complaint.

permission to do so. Neither RBC Bank, nor Davis, provided the loan documents to Sigler.

Between December of 2008 and January of 2009, multiple retail establishments, including Sears, Dillard's, and Victory Nissan denied Sigler's applications for credit. Sigler contends that these establishments denied him credit because of information RBC Bank had furnished to credit reporting agencies about the loan. In February of 2009, RBC Bank contacted Sigler about a late payment on the loan. This caused Sigler to begin investigating the matter to determine when and if his identity had been stolen. In March of 2009, Sigler submitted a formal written demand to RBC Bank in which he disputed the debt and requested validation of it. RBC Bank failed or refused to provide Sigler with the information he had demanded. Sigler then visited Davis in an attempt to resolve the matter. Davis told Sigler that Brown had represented that she was authorized to sign Sigler's name on the loan documents. Sigler believes that some sort of personal relationship exists between Davis and Brown and that Davis has loaned Brown some of his own money.

On June 30, 2009, Sigler filed suit against RBC Bank, Brown, Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"). The original complaint (Doc. # 1) sought damages, injunctive relief, and declaratory relief for alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Additionally, Sigler sought relief pursuant to Alabama law for invasion of privacy, defamation, fraudulent misrepresentation, intentional infliction of emotional distress, civil identity theft, felonious injury, civil conspiracy, and negligence or wantonness. RBC Bank filed a motion to dismiss

the federal statutory claims and the state law claims. Sigler responded to RBC's motion both by arguing against it and by filing the First Amended Complaint (Doc. # 20) against Brown and RBC Bank. RBC Bank filed a motion to dismiss some of the claims set forth in the First Amended Complaint. In response, Sigler sought and received leave to file a Second Amended Complaint (Doc. # 28). RBC Bank once again sought dismissal of some of the claims. Again, Sigler sought and received leave to amend his complaint. Consequently the Third Amended Complaint (Doc. # 42) now sets forth the claims in this action.

By the allegations of the Third Amended Complaint, Sigler seeks damages, injunctive relief and declaratory relief against RBC Bank, Brown, and Davis.[2] In addition to adding Davis as a defendant, Sigler also changed the nature of his claims. Sigler no longer alleges violations of the FCRA, but instead he now alleges violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA"). Sigler persists, however, in alleging numerous claims under Alabama law, including invasion of privacy (Count Two) and defamation (Count Three).

On October 30, 2009, RBC Bank moved this Court to dismiss the invasion of privacy and defamation counts from the Third Amended Complaint arguing that these claims are barred by the FCRA and that the FCRA preempts state law claims arising in circumstances such as those alleged in this action. The Court directed Sigler to respond to the substance of

---

[2] Earlier in the case, Sigler voluntarily dismissed his claims against Trans Union. The Third Amended Complaint includes no allegations against Equifax.

this motion rather than to seek to once again amend his complaint.  Davis filed a motion similar to that RBC Bank had filed in November of 2009.  Sigler opposes RBC Bank's motion, but he has advised the Court that he does not object to the granting of Davis' motion.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367.  Additionally, Defendants have not argued that the Court does not have personal jurisdiction over them.  Pursuant to 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Prior to the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).  Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).  A complaint states a facially plausible claim for relief "when the plaintiff pleads

factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S. Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id.* While a complaint need not contain detailed factual allegations to survive a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation marks and citations omitted). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

## DISCUSSION

RBC Bank and Davis contend that the FCRA preempts Sigler's state law causes of action for defamation and invasion of privacy for allegedly publishing inaccurate information to credit reporting agencies. Sigler disputes this contending that these claims are within a recognized exception within the FCRA. Resolution of this dispute logically begins with an examination of the FCRA.

5

When Congress enacted the FCRA, it recognized that the banking system is dependent upon fair and accurate credit reporting which is completed in large part by consumer reporting agencies. 15 U.S.C. § 1681(a). Consequently, it established an elaborate regulatory structure intended to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable. 15 U.S.C. § 1681(b). In addition, Congress devised a regulatory structure which imposes duties upon commercial entities which furnish information to credit reporting agencies.[3] These duties are set out in 15 U.S.C. § 1681s-2. Generally speaking, the duties require furnishers of information to credit reporting agencies to provide accurate information, to correct and update information, to provide notice of a dispute, to provide notice of closed accounts, and to investigate and report on any disputed information. *See* 15 U.S.C. § 1681s-2(a). Additionally, the statutory provisions set out the duties upon notice of a dispute from a credit reporting agency, including the duties to investigate and to report the result. *See* 15 U.S.C. § 1681s-2(b). With respect to enforcement of these duties, the

> FCRA provides two individual rights of action: willful noncompliance, *id.* § 1681n, and negligent noncompliance, *id.* § 1681o. These private rights of

---

[3] When Congress enacted the FCRA in 1970, it did not impose any duties on those who furnish information to consumer reporting agencies. In 1996, Congress enacted the Consumer Credit Reporting Reform Act of 1996, which expanded the scope of the FCRA to include conduct of those who furnish of information to consumer reporting agencies. At the same time that it expanded the scope of the FCRA, however, Congress also enacted a new limitation on liability which is codified as 15 U.S.C. § 1681t(b)(1)(F).

> action, however, are limited to violations of Subsection (b) (post-notice duties) and are explicitly precluded from use in enforcing Subsection (a) (general duties). *Id.* 1681s-2(c). Instead, Subsection (a) is to be enforced by federal and state officials. *Id.* § 1681s-2(d); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1009-10 (S.D. Iowa 2003) (Pratt, J.).

*Islam v. Option One Mortgage Corp.*, 432 F. Supp. 2d 181, 185 (D. Mass. 2006).

By its terms, 15 U.S.C. § 1681t(b)(1)(F) explicitly preempts all state laws in the areas covered by § 1681s-2:

> No requirement or prohibition may be imposed under the laws of any State- (1) with respect to any subject matter regulated under-
> ....
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except hat this paragraph shall no apply to [certain specified provisions of the Massachusetts Annotated Laws and the California Civil Code].

15 U.S.C. § 1681t(b)(1)(F). "This section has been called 'the absolute immunity provision' which, if applicable, bars any state law claim based on conduct which is governed by § 1681s-2." *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004). *Accord, Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1215 (E.D. Cal. 2008); *Leet v. Cellco Partnership*, 480 F. Supp. 2d 422, 429 (D. Mass. 2007). Simply put this section "does not allow for state law prohibitions or requirements which relate to the responsibilities of furnishers of information to consumer reporting agencies." *Knudson v. Wachovia Bank, N.A.,* 513 F. Supp. 2d 1255, 1259 (M.D. Ala. 2007) (Albritton, J.).

Sigler contends that another provision of the FCRA saves his claims under Alabama

law for defamation and invasion of privacy at least against RBC Bank.[4]  Sigler points to 15 U.S.C. § 1681h(e) which provides as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer credit report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to insure such consumer.

15 U.S.C. § 1681h(e).  Sigler contends that because he alleges that RBC Bank furnished false and inaccurate information to one or more credit reporting agencies maliciously and with willful intent to injure Sigler and that because he was subsequently denied credit as a result of the reported information, § 1681h(e) allows him to bring this suit.  This argument brings this case squarely into what one commentator describes as "a morass of muddled statutory construction."  Quarles, Randall D., *Splintered District Courts Continue to Struggle with Federal Preemption of Credit-Reporting Claims*, 27 No. 3 Banking & Fin. Servs. Policy Rep. 8 (2008).[5]

   First, the Court finds that the exceptions provided by § 1681h(e) for actions pursuant

---

[4] As previously mentioned, Sigler does not oppose Davis' motion to dismiss Counts Two and Three of the Third Amended Complaint.  That motion is due to be GRANTED.

[5] This article, and others, have noted the failure of the Circuit Courts of Appeals to squarely address this preemption issue and have succinctly summarized the numerous approaches to the statutory construction puzzle which various district courts have taken since the effective date of the Consumer Credit Reporting Reform Act of 1996.

to § 1681n and § 1681o are inapplicable to save Sigler's state law claims. As previously noted, Sigler has specifically removed any allegations of violations of the FCRA from the Third Amended Complaint. Thus, nothing in this action can be characterized as a suit pursuant to § 1681n or § 1681o. Thus, the Court will ignore this introductory proviso for purposes of this action.

RBC Bank contends that § 1681h(e) is inapplicable to RBC Bank because it is not a consumer reporting agency or a user of information. Specifically, RBC Bank contends that the remaining portions of § 1681h(e) on which Sigler relies only applies to suits against consumer reporting agencies or users of information.

> As set out above, § 1681h(e) limits, with exceptions, the scope of the immunity it provides to particular kinds of claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report...." Sections 1681g and 1681h of the FCRA set out the requirements of consumer reporting agencies in their disclosures to consumers. Section 1681m, *as well as the remaining language of 1681h(e), apply to users of information which take adverse action against the consumer*.

*Knudson*, 513 F. Supp. 2d at 1259-60 (emphasis added). It is undisputed that Sigler alleges that RBC Bank is a furnisher of information and not that it is a consumer reporting agency or that it is sued in its capacity as a user of information which has taken an adverse action against Sigler. Accordingly, § 1681h(e) is not applicable to this action and does not conflict with § 1681t(b)(1)(F). *See, e.g., Johnson,* 536 F. Supp. 2d at 1215; *Knudson*, 513 F. Supp.

9

2d at 1260; *Leet*, 480 F. Supp. 2d at 430; *Islam*, 432 F. Supp. 2d at 193-94.[6]

Because this Court finds that § 1681h(e) has no application to this case and because Counts Two and Three of the Third Amended Complaint clearly implicate the responsibilities of RBC Bank as a furnisher of information to consumer reporting agencies, it is quite clear that § 1681t(b)(1)(F) preempts Sigler's attempts to use state law to seek relief based on allegations that RBC Bank reported information to credit reporting agencies. For this reason, RBC Bank's motion is due to be GRANTED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Defendant Robert L. Davis's Partial Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. # 49) is GRANTED.

2. Defendant RBC Bank (USA)'s Partial Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. # 46) is GRANTED.

---

[6] Sigler would have this Court read an unpublished decision of the Eleventh Circuit Court of Appeals as stating otherwise. *Lofton-Taylor v. Verizon Wireless*, 262 Fed. Appx. 999 (11th Cir. 2008) (unpublished) is not binding precedent. Moreover, the Court finds that its value as persuasive authority for the proposition for which it is cited to be severely undercut by its failure to appreciate significant distinctions between that case and *Hood v. Dun & Bradstreet, Inc.*, 486 F.2d 25 (5th Cir. 1973), the case on which it purports to rely. *Hood* involved a suit against a credit reporting agency, not a furnisher of information. Moreover, *Hood* was decided long before the Consumer Credit Reporting Reform Act of 1996 significantly altered the relevant provisions of the FCRA. Moreover, it is not clear that this intricate preemption issue was carefully argued to the circuit in *Lofton-Taylor*. Accordingly, the Court finds the more exhaustive and careful reasoning of the district court decisions cited to be more persuasive.

3.  Count Two and Count Three of the Third Amended Complaint are DISMISSED with PREJUDICE to the extent that they allege claims against Defendants Robert L. Davis or Defendant RBC Bank (USA) because those claims are preempted by provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

DONE this the 10th day of May, 2010.

                                        /s/ Mark E. Fuller
                              CHIEF UNITED STATES DISTRICT JUDGE