IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SIGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3-09-cv-615-MEF |
| | ) | |
| RBC BANK (USA), *et al.*, | ) | (WO- Do Not Publish) |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION AND ORDER**

Charles Sigler ("Sigler"), an alleged victim of identity theft, brings this suit against RBC Bank (USA) ("RBC Bank"), its Tuskegee Branch President Robert Davis ("Davis"), and a woman named Cynthia Brown ("Brown"). Sigler alleges numerous violations of Alabama law (Counts One through Seven) and seeks declaratory and injunctive relief from all defendants pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. After successfully moving for the dismissal of Counts Two and Three, RBC Bank and Davis seek judgment as a matter of law on Sigler's TILA claim. For the reasons set forth below, the motion (Doc. # 77) is due to be GRANTED

### **JURISDICTION AND VENUE**

Because of the nature of the claims Sigler asserts, the Court exercises subject matter jurisdiction over Sigler's TILA claims against Brown, Davis, and RBC Bank pursuant to 28 U.S.C. § 1331 (federal question). The Court does not have original subject matter jurisdiction over the remaining claims in this action, but Sigler invokes this Court's

supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations supporting both.

## STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), "a party may move for summary judgment, identifying each claim or defense — or the part of each claim of defense — on which summary judgment is sought."  A court presented with such a motion must grant it "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A genuine dispute as to a material fact can only be found "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  According to the Supreme Court, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quotation omitted).  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

After the movant satisfies this requirement, the burden shifts to "the adverse party [who] must set forth specific facts showing that there is a genuine issue for trial."  *Anderson,*

477 U.S. at 250 (quotation omitted).  "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  The Eleventh Circuit Court of Appeals has held that "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Blackston v. Shook & Fletcher Insulation Co.,* 764 F.2d 1480, 1482 (11th Cir. 1985) (citation omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion.  The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

Sometime before December 4, 2008, Cynthia Brown ("Brown")[1] discussed a potential loan from RBC Bank with Davis, the President of the Tuskegee branch.  Brown wished to avoid taking out the loan in her name.  Davis agreed to make the loan Brown requested and understood that Brown, --- not Sigler, would be completely responsible for the repayment of

---

[1] Brown is the cousin of Sigler's father.  At some point in time long before December of 2008, Brown employed Sigler.  As part of his employment with her, he completed paperwork which contained his personal information including his social security number, date of birth, employment information.

3

the loan. On December 4, 2008, at Brown's request, Davis wrote Sigler's personal information on a loan application. Brown executed a Promissory Note and Security Agreement in favor of RBC Bank to obtain $32,000 at an annual interest rate of 10.368%. The loan was secured by an enclosed cargo trailer. Rather than signing her own name on the loan documents, Brown signed Sigler's name. She also placed his initials in various places on the loan documents and certain related disclosure forms.

RBC Bank and Davis contend that Sigler authorized Davis and Brown to use his name as the borrower on the loan and provided certain personal information by telephone. Sigler contends that Brown never asked him to participate in her loan application and that she did not ask if she could use his name. Sigler also contends that he had no knowledge of the loan whatsoever until late January of 2009. Thus, the parties dispute whether Brown used Sigler's identity with his authority. Additionally, a dispute exists as the source of the information Davis wrote on the loan application.

RBC Bank loaned $32,000 to Brown and issued a check in the amount of $32,000 jointly payable to Brown and Sigler. Although Sigler took no action to help Brown cash this check, but nevertheless someone signed Sigler's name on the back of the check where Brown had also endorsed it. RBC cashed the check and gave the $32,000 to Brown.

Sometime after the due date for the first payment, RBC Bank's collection department called Sigler to inquire about the late payment on the loan. This caused Sigler to begin investigating the matter to determine when and if his identity had been stolen.

4

In March of 2009, Sigler submitted a formal written demand to RBC Bank in which he disputed the debt and requested validation of it.  Shortly after mailing the letters, Sigler visited Davis in an attempt to resolve the matter.  Davis told Sigler that he was not responsible for the loan and that the collection calls would cease.  Davis then requested that the loan be charged off.  Sigler did not receive any more collection calls on this loan and did not make any payments on the loan.

On June 30, 2009, Sigler filed suit against RBC Bank, Brown, Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union").  The original complaint (Doc. # 1) sought damages, injunctive relief, and declaratory relief for alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Additionally, Sigler sought relief pursuant to Alabama law for invasion of privacy, defamation, fraudulent misrepresentation, intentional infliction of emotional distress, civil identity theft, felonious injury, civil conspiracy, and negligence or wantonness.  RBC Bank filed a motion to dismiss the federal statutory claims and the state law claims.  Sigler responded to RBC motion both by arguing against it and by filing the First Amended Complaint (Doc. # 20) against Brown and RBC Bank.  RBC Bank filed a motion to dismiss some of the claims set forth in the First Amended Complaint.  In response, Sigler sought and received leave to file a Second Amended Complaint (Doc. # 28).  RBC Bank once again sought dismissal of some of the claims.  Again, Sigler sought and received leave to amend his complaint.  Consequently the Third Amended Complaint (Doc. # 42) now sets forth the claims in this action.

Although served, Brown has failed to defend against this action. On September 22, 2009, Sigler filed an Application to the Clerk for Entry of Default (Doc. # 31). In this application, Sigler's counsel established only that he had caused service of the original summons and Complaint (Doc. # 1) on Brown. On September 25, 2009, the Clerk entered a default against Brown on the allegations of the Complaint. As Sigler filed various amended complaints in this action, he mailed copies to Brown. She never filed any sort of responsive pleading or motion with the Court.

By the allegations of the Third Amended Complaint, Sigler seeks damages, injunctive relief and declaratory relief against RBC Bank, Brown, and Davis.[2] In addition to adding Davis as a defendant, Sigler also changed the nature of his claims. Sigler no longer alleges violations of the FCRA, but instead he now alleges violations of the TILA. Sigler persists, however, in alleging numerous claims under Alabama law, including invasion of privacy (Count Two) and defamation (Count Three).

On October 30, 2009, RBC Bank moved this Court to dismiss the invasion of privacy and defamation counts from the Third Amended Complaint arguing that these claims are barred by the FCRA and that the FCRA preempts state law claims arising in circumstances such as those alleged in this action. Put another way, RBC Bank contended that these claims could only be brought pursuant to the FCRA and Sigler had not done so. The Court directed

---

[2] Earlier in the case, Sigler voluntarily dismissed his claims against Trans Union. The Third Amended Complaint includes no allegations against Equifax or Trans Union.

Sigler to respond to the substance of this motion rather than to seek to once again amend his complaint. Davis filed a motion similar to that RBC Bank had filed in November of 2009. On May 10, 2010, the Court granted these motions and dismissed Counts Two and Three of the Third Amended Complaint with prejudice.

## DISCUSSION

RBC Bank and Davis contend that they are entitled to judgment as a matter of law on Sigler's TILA claim because the undisputed facts relating to the loan at issue establish that it is outside of the scope of the TILA's coverage. TILA does not apply to

> Credit transactions, other than those in which a security interest is or will be acquired in real property, or in personal property used or expected to be used as the principal dwelling of the consumer and other than private education loans (as that term is defined in section 1650(a) of this title), in which the total amount financed exceeds $25,000.

15 U.S.C.§ 1603(3). Here it is undisputed that the transaction at issue involved a loan which exceeded $25,000. It is further undisputed that the loan was not secured by real property or personal property used or expected to be used as the principal dwelling. Finally, it is undisputed that the loan was not a private education loan. Indeed, in addition to conceding these key facts, Sigler concedes that RBC Bank and Davis are entitled to judgment as a matter of law on the TILA claim. The Court agrees. Because of this finding, the Court need not and does not reach the other grounds for partial summary judgment on the TILA claim presented in the motion.

Despite the dismissal of the sole federal claims against RBC Bank and Davis, the Court continues to have original subject matter jurisdiction over the TILA claim against Brown, to the extent that such a claim exists under the law, and consequently, it will continue to exercise supplemental jurisdiction over the remaining claims pursuant to Alabama law for the time being.  The parties are advised that the Court considers the TILA claim against Brown to suffer from the same legal defect as those against RBC Bank and Davis.  Pursuant to Federal Rule of Civil Procedure 56(f), the Court is considering entering judgment as a matter of law as to the claim in Count Eight against Brown.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  RBC Bank and Robert Davis's Motion for Partial Summary Judgment (Doc. # 77) is GRANTED.

2.  The claims set forth in Count Eight of the Third Amended Complaint against Defendants RBC Bank and Robert L. Davis are DISMISSED WITH PREJUDICE because there is no genuine issue as to any material fact and RBC Bank and Robert L. Davis are entitled to judgment as a matter of law with respect to those claims.

3. On or before **February 15, 2011**, Sigler shall show cause, if any there may be, why the Court should not enter judgment as a matter of law on the TILA claim brought against Brown for the very same reasons that it granted the motion brought by RBC Bank and Davis.

DONE this the 1st day of February, 2011.

                                                /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE